FILED

2008 Oct-02  AM 11:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

**UNIFUND CCR PARTNERS**

      **Plaintiff/Counterclaim Defendant,**

**v.**                             **CV 08-PT-1467-E**

**RICHARD HART**

      **Defendant/Counterclaim Plaintiff,**

**v.**

**ZB LIMITED PARTNERS, et al**

      **Counterclaim Defendants**

**MEMORANDUM OPINION**

This Court has before it the Motion to Remand filed by Defendant/Counterplaintiff Richard W. Hart on August 26, 2008.  Plaintiff Unifund CCR Partners ("Unifund") brought an action against Defendant/Counterplaintiff Hart ("Hart") on February 5, 2008 seeking damages for breach of contract/account stated in the sum of $10,362.58.  On April 11, 2008, Defendant/Counterplaintiff Hart filed an amended answer and counterclaim against Unifund, and added "counterclaims" against third-parties ZB Limited Partners, Credit Card Receivables Fund, and Palisades Collections, LLC. ("Counterdefendants").[1]  On August 4, 2008, Hart amended his "counterclaims" to include claims against Counterdefendant David J. Rosenberg (whose correct name is apparently David G. Rosenberg). Hart also alleged that the "named and fictitious

---

[1]The designations as "counterclaims" and "counterdefendants" are those of Hart.

defendants" violated the Fair Debt Collections Practices Act (the "FDCPA") and the Fair Credit Reporting Act (the "FCRA"), and that Unifund and "the counterclaim defendants" violated the FDCPA, 15 U.S.C. § 1692 *et seq.,* and the FCRA., 15 U.S.C. § 1681, *et seq.* (Doc. 1-2.) Hart concludes his Amended Counterclaims with a prayer for relief demanding judgment on the "original counterclaims" and "the foregoing amended counterclaims" in "amounts in excess of this Court's jurisdictional limits."

On August 15, 2008 Counterdefendant Palisades removed this action to this Court on the basis of "arising under" subject matter jurisdiction pursuant to 28 U.S.C. § 1331, specifically due to the counterclaims brought under the FDCPA and the FCRA. Palisades invoked removal under 28 U.S.C. § 1441(c) which allows a defendant to remove an action based upon federal question jurisdiction when a "separate and independent" claim that falls within the jurisdictional grant of § 1331 is joined with otherwise non-removable claims.

<u>Discussion</u>

Hart's motion and memorandum of authority make several versions of what are essentially two principal arguments: (1) removal was improper because Defendant/Counter-Plaintiff, as "master of the complaint," alleges no federal counterclaim warranting removal because references to federal law are to be construed as illustrative only; and (2) even if federal claims are alleged, they are not "separate and independent" under the statute. Additionally, while not stated in the motion itself, Defendant/Counterplaintiff Hart objects to Counterdefendants' assertion that removal by a "third-party/'counterclaim' defendant" is proper under § 1441(c).[2] *See*

---

[2]ZB Limited Partners *et al* does not distinguish whether the proper designation is "counterdefendant" or "third-party defendant." Hart characterizes the parties as "Counterclaim Defendants." Motion to Remand (Doc. 9.) Fed. R. Civ. P. 13(h) indicates that counterclaims may be brought by the defendant against the plaintiff. Likewise,

Authority in Support of Defendant's Motion for Remand (Doc. 14.)

Before the substantive question of whether the counterclaims give rise to a federal question can be addressed, the threshold question of whether removal by a counterclaim defendant is in fact possible under §1441(c) must be answered.

A.     Is Removal by a Counterdefendant or Third Party not Joined in the Original State Court Action Allowable Under § 1441(c)?

Section 1441(c) reads as follows:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

It is well-established that the plaintiff is master of the complaint and that his choice of forum will not be disturbed lightly. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). Under the well-pleaded complaint rule, a court in adjudicating removal under § 1441 will normally look only to the plaintiff's well-pleaded allegations in determining whether a federal question exists that would give rise to federal subject matter jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002). Stated another way, a defendant may not base removal on federal issues brought up by the defendant against the original plaintiff. *See Caterpillar*, 482 U.S. 386, 399 (1987) (holding that a federal defense cannot serve to support

---

other parties may be joined in these counterclaims by the defendant as counterdefendants. *See Mace Security Int'l, Inc. V. Odierna*, 2008 WL 3851839, at *3 (S.D. Fla. Aug. 14, 2008); *North Star Capital Acquisitions, LLC v. Krig*, 2007 WL 3522425, at *1 (M.D. Fla. Nov. 15, 2007). Rule 14, on the other hand, deems a third-party defendant as a party "who is or may be liable to [a defending party] for all or part of the claim against [the defending party]." *See also Mace Security*, 2008 WL 3851839, at *3. It does not appear from the pleadings that Hart is seeking to hold ZB Limited Partners *et al* liable for Unifund's claims. Thus, it would appear that these parties are counterdefendants and not third-party defendants. However, as discussed below, the actual designation does not alter this court's application of § 1441(c).

removal under federal question jurisdiction) *and Holmes Group*, 535 U.S. 826, 832  (2002) (holding counterclaims by original defendant against original plaintiff do not support removal to federal court).

However, the application of this straightforward doctrine is complicated by the presence of counterdefendants or third-party defendants who were not joined in the original action. That is, while a defendant may not remove a suit based upon his claims against the original plaintiff, it is not clear from the face of the statute that such a bar extends to the defendant's claims against third-parties. The majority position appears to be that third-party and counterclaim defendants who are not original parties may *not* remove an action under § 1441(c). *See e.g.*, *Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th Cir. 1991); *Sterling Homes, Inc. v. Swope*, 816 F. Supp. 319, 320-27 (M.D. Pa. 1993); 14C Wright, Miller & Cooper, *Federal Practice and Procedure* § 3731 at 255 (3d ed. 1998). However, the law of the Eleventh Circuit appears to adhere to the minority position that third party removal on the basis of separate and independent third party claims falls within federal question jurisdiction.[3] *See Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 136 (5th Cir. 1980) (permitting removal by third party defendants where a separate and independent controversy invoking federal jurisdiction exists).[4] The Eleventh Circuit has provided no guidance on this issue beyond the old Fifth

---

[3]The 1990 amendment to § 1441(c) disallows third party removal based upon diversity jurisdiction. *See*, *e.g.*, *Nat'l American Ins. Co. v. Advantage Contract Serv's, Inc.*, 200 F. Supp. 2d 620 (E.D. La. 2002) ("According to the Comments to the 1990 Revision of Section 1441, 'before the 1990 amendment it did not make any difference what category of subject matter jurisdiction was occupied by the claim that offered the removal basis.' However, following the 1990 amendment, the 'diversity case may no longer invoke removal under [Section 1441(c) ]; only the federal question claim...will support a [Section 1441(c) ] removal."). *Id.* at 621.

[4]All decisions of the United Court of Appeals for the Fifth Circuit rendered before October 1, 1980 which have not been overruled by the United States Court of Appeals for the Eleventh Circuit are binding on federal courts in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981). *Carl Heck* was handed down on July 23, 1980.

Circuit's decision in *Carl Heck*[5].  *See Mace Security Int'l, Inc. V. Odierna*, 2008 WL 3851839, at

*4 (S.D. Fla. Aug. 14, 2008) (noting that the Eleventh Circuit has not yet addressed the question

of whether a counterdefendant is a defendant permitted to remove an action to federal court).

However, *Bd. of Regents of Univ. of Tex. System v. Walker*, 142 F.3d 813, 816 (5th Cir. 1998),

extended the right of removal to counterdefendants "when the removing counterclaim defendant

was not one of the original state court plaintiffs" because in part, as in *Carl Heck*, removal would

not violate the "well-pleaded complaint rule." *Id.* 815-16. While not binding on this Court, the

Fifth Circuit's reasoning in *Walker* is the same as that in *Carl Heck*, and it is therefore

compelling persuasive authority, made all the more so because under *Bonner Carl Heck*  is also

the law of this Circuit. Furthermore, this Court notes that other district courts in this Circuit have

adopted the Fifth Circuit's extension in *Walker. E.g.*, *Mace Security Int'l, Inc. V. Odierna*, 2008

WL 3851839, at *3-4 (S.D. Fla. Aug. 14, 2008); *North Star Capital Acquisitions, LLC v. Krig*,

2007 WL 3522425, at *1 (M.D. Fla. Nov. 15, 2007). *See also Rocky Mountain Holdings, LLC, v.

Combs*, No. CV-08-S-817-NE (N.D. Ala. Aug. 1, 2008) (Smith, J.) (acknowledging that under

*Carl Heck* "third party defendants" may remove an action under § 1441(c).[6] *But see Moss Land

and Mineral Co. v. Fidelity and Casualty Co.*, 2003 U.S. Dist. LEXIS 9940, at *7-9 (N.D. Ala.

June 6, 2003) (Acker, J.) (finding, apparently alone among the Eleventh or Fifth Circuit district

---

[5]This Court's research reveals only one case in which the 11th Circuit has referred to *Carl Heck*. *See Borg-Warner Leasing v. Doyle Electric Co.*, 733 F.2d 833, 835 n.2 (11th Cir. 1984). That case is not relevant to the present inquiry, however, as the appeals court limited its discussion to note in passing that *Carl Heck* dealt only with the propriety of removing a diverse third party claim and was inapposite to the case at bar.

[6]Judge Smith's opinion does not discuss his designation of the removing parties as "third party defendants," though the procedural history and posture of the removing parties in *Rocky Mountain* are nearly identical to that in the instant case. However, under *Walker*, the outcome is the same whether the parties are deemed counterdefendants under Rule 13(h) or third party defendants under Rule 14.

or appellate courts, that the amendment to § 1441(c) utterly "wiped out" *Carl Heck*).

Hart relies on the Supreme Court's decision in *Holmes Group,* 535 U.S. 826, 830,  for authority that "counterclaims cannot be the basis of removal actions." Defendant's Authority in Support of Motion, (Doc. 14.) In *Holmes Group*, the plaintiff asserted claims against a manufacturer, and it was undisputed that these claims did not give rise to federal questions. The defendant asserted federal question counterclaims, and the Supreme Court considered whether federal counterclaims could support removal under the well-pleaded complaint rule. Relying on the same reasoning as that which prevents federal defenses from supporting removal, the Court held that a defendant's counterclaims could not support removal under § 1441. *Holmes Group*, 535 U.S. at 830 ("[W]e decline to transform the longstanding well-pleaded-complaint rule into the 'well-pleaded-complaint-*or-counterclaim rule*.'") (emphasis original).

However, *Holmes Group* dealt only with an original plaintiff and an original defendant; there were no other counterdefendants or third party defendants joined in the action. The procedural posture of a third party counterdefendant seeking removal does not implicate the concerns of the Court expressed in *Holmes Group*.  In that case, the Court was concerned that the defendant could defeat the *plaintiff's* choice of forum by asserting federal counterclaims. That concern is allayed in the instant case because the counterclaims were asserted by the original defendant against counterclaim defendants who were not parties to the original suit. Moreover, plaintiff Unifund consented to removal of this action from state court.  (Doc. 1, Exhibit C.). Thus, it does not appear to this Court, or to other district courts who have examined *Carl Heck* after the *Holmes Group* decision, that *Holmes Group* overrules *Carl Heck. See Mace Security*, 2008 WL 3851839, at \*3 fn.2 ("The holding in *Holmes* suggests an original

plaintiff/counterdefendant cannot remove pursuant to section 1441(c), but this does not appear to apply to newly joined counter-defendants."); *North Star*, 2007 WL 3522425, at *3 ("[T]his Court cannot ignore *Carl Heck* and remand to state court . . . *Holmes Group* does not appear to eviscerate *Carl Heck* and *Walker*; the holding in *Holmes Group* is limited to the facts of that case and the policy concerns addressed by the Supreme Court do not apply when the removing party is a counterclaim defendant who was not an original party."). See also *Dallas Indep. Sch. Dist. v. Calvary Hill Cemetery*, 318 F. Supp. 2d 429 (N.D. Tex. 2004) for a post-*Holmes Group* decision recognizing the continued viability of *Carl Heck*.

It therefore appears that under both *Carl Heck* and the evolving trend in this Circuit under *Walker* that both third party and counterdefendant removal is possible under § 1441(c). Thus, as a threshold matter, while Hart's counterclaims against the Plaintiff do not allow removal, his counterclaims against the counterdefendants, to the extent they are federal question claims that are separate and independent, would allow removal by the counterdefendants.

> B.     Do Defendant/Counter-Plaintiff Hart's Amended Counterclaims Give Rise to a Federal Question?

28 U.S.C. § 1331 confers on federal courts subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." The facts of this case place Hart's counterclaims squarely within one of the bright line areas of federal jurisdiction. At its most basic level, federal jurisdiction obtains when federal law creates the cause of action. *See Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citing *Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28 (1983).

The question of federal jurisdiction in this case rests upon Hart's inclusion of FDCPA and FCRA claims in his counterclaims. Palisades asserted in its Notice of Removal that Hart's inclusion of the FDCPA and the FCRA claims gives rise to federal question jurisdiction. (It is undisputed that his other counterclaims rest solely upon state law grounds.) Despite the plain reference to the two federal statutes in his Amended Counterclaims, Hart argues that he has in fact decided to proceed solely "under state law remedies" and that his desire to assert state-law causes of action against the counterdefendants must be given deference for determining whether remand is proper. Motion for Remand, (Doc. 9 at 3.) Hart explains his reference to the FDCPA and the FCRA as "serv[ing] only to highlight those [state law] duties." *id.* at 4, and asserts that they are "simply collateral" to the "state court laws that Hart claims to be owed (sic) by the Counterclaim Defendants." *Id.* at 7. Hart maintains that, as Counter-Plaintiff, he is "master of the complaint" and may avoid federal jurisdiction by "exclusive reliance on state law." *Id.* Hart also argues that counterclaims, under *Holmes Group*, cannot support federal question jurisdiction for removal purposes. *Id.*

Hart's arguments as to the "well-pleaded" complaint rule and his reliance on *Holmes Group* have been dealt with above and are unavailing. Hart's argument that his reference to the FDCPA and the FCRA in his Amended Counterclaims does not give rise to a federal question must be examined more closely. Hart cites *Moore v. Chesapeake & O. Ry. Co.*, 291 U.S. 205 (1934), as support for his argument that a reference to a federal statute that is ancillary to a state cause of action does not implicate federal question jurisdiction. The Supreme Court stated in *Moore* that: "it does not follow that a suit brought under the state statute which defines liability to employees who are injured while engaged in intrastate commerce, and brings within the

8

purview of the statute a breach of the duty imposed by the federal statute, should be regarded as a suit arising under the laws of the United States and cognizable in the federal court in the absence of diversity of citizenship." *Id.* at 214-15.  The Supreme Court has recently held that federal question jurisdiction can arise in a narrow set of instances in a suit founded on state law causes of action but a question of federal law is nevertheless an essential element of the plaintiff's case. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 315 (2005).

However, the question of whether Hart's inclusion of the FDCPA and the FCRA puts his counterclaims under the *Grable* exception or under the *more* exclusion  need not be addressed here because Hart's own pleadings show that his Amended Counterclaims "arise under" the laws of the United States.  While Hart argues that his references to the FDCPA and the FCRA are merely "collateral" to his state law claims, he specifically invokes a right to relief *under the statutes themselves.* Other than a boilerplate adoption of "all of his previously filed counterclaims" in the first paragraph, Hart's Amended Counterclaims make no reference to any state law causes of action or claims. Amended Counterclaims, (Doc. 1-2). On the contrary, Hart alleges specific violations of the FDCPA and the FCRA by "Unifund and the counterclaim defendants." Hart concludes the Amended Counterclaims with a prayer for relief demanding judgment on the "foregoing amended counterclaims." *(*Doc. 1-2.)  The FDCPA provides a private right of action for violations of the Act pursuant to 15 U.S.C. § 1692k, and the FCRA likewise provides a private right of action pursuant to 15 U.S.C. § 1681o.  The Amended Counterclaims' allegations and prayer for relief, coupled with the total absence of substantive reference to any state law claims, certainly meet the Rule 8 standard for notice pleading of claims under the FDCPA and the FCRA. *See U.S. v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003) ("[A]

complaint need contain only a statement calculated to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (internal quotation and citations omitted).   Also see *Hill v. Marston*, 13 F.3d 1548, 1550 (11th Cir. 1994) (cited by Hart as supporting authority but which expressly , contrary to the case at bar, states that "the complaint contains no express allegations that the defendant violated any specific federal . . . law").

In short, there is absolutely no material allegation in the Amended Counterclaims that demonstrates, explicitly or implicitly, Hart's intention to seek relief for those counterclaims on grounds other than those created by the FDCPA and the FCRA.

C.  Do Defendant/Counter-Plaintiff Hart's Counterclaims Constitute Separate and Independent Claims under § 1441(c)?

Having established that Hart has alleged federal claims against the counterdefendants, it must be determined whether these claims are separate and independent under § 1441(c).[7] The standard for determining if a claim is separate and independent from a nonremovable state law claim is whether the claim, if sued upon alone, could have been brought properly in federal court. *Carl Heck*, 622 F.2d at 136.

The district court's discussion of this issue in *North Star* is instructive. In that case, the plaintiff sued the defendant alleging breach of contract, account stated, and money lent. The defendant, together with other defendants in another case, filed counterclaims against the plaintiff and a third party, the plaintiff's attorney, for violations of the FDCPA. The

---

[7]In *Carl Heck*, the court stated, "Here, the claim for indemnity by Lafourche against Maryland presents a real controversy, not *unrelated* to the main claim, but sufficiently *independent* of it that a judgment in an action between these two parties alone can be properly rendered." 622 F.2d at 136 (Emphasis added).  This court agrees that there need not be a total lack of relationship in order to be independent.

defendants/counter-plaintiffs challenged the subsequent removal. The district court, after disposing of the applicability of § 1441 to counterdefendants and third parties, considered whether the FDCPA counterclaims were "separate and independent." The court determined that the FDCPA claims, if sued upon alone, could have been brought in federal district court. The court also found the FDCPA claim to be separate and independent of the plaintiff's state law claims: "Unlike the plaintiff's suit against the defendants to collect the contractual debt, the defendants' counterclaim seeks redress from the counterclaim defendants for their alleged violations of the FDCPA. Whether the defendants failed to pay debts and breached their obligation under a contract is not dependent upon whether the counterclaim defendants violated the FDCPA in attempting to collect those alleged debts." *North Star*, 2007 WL 3522425, at *4.

The procedural facts of *North Star* are squarely on point with the instant case. Plaintiff Unifund originally brought suit against Defendant Hart for a contractual debt. Hart, in turn, counterclaimed against the Plaintiff and other third party counterdefendants for violations of the FDCPA and FCRA in collecting that debt. As in *North Star,* the FDCPA and FCRA violations are wholly separate and independent obligations from the contractual debt, and the outcome of the federal claims is not dependent on the state law claims. Therefore, Hart's allegations of the FDCPA and FCRA against the Plaintiff and Counterdefendants are separate and independent claims under § 1441(c).

<u>Conclusion</u>

This court is highly persuaded by the case of *Mace Security International, Inc. v. Odierna*, 2008 W.L. 3851839 (S.D. Fla. 2008). The court notes the following statements in that

11

case:

> Moreover, a defendant may join additional parties to a counterclaim as counter-defendants even though they are not original plaintiffs. *See* Fed.R.Civ.P. 13(h); *North Star Capital Acquisitions, LLC v. Krig,* 2007 WL 3522425, at *1 (M.D.Fla.2007) (finding new parties added as defendants to counterclaim are properly designated counter-defendants pursuant to Rule 13(h)); *see also Dartmouth Plan, Inc. v. Delgado,* 736 F.Supp. 1489, 1491 (N.D.Ill.1990) (holding removing parties were counter-defendants rather than third-party defendants because defendants/counter-plaintiffs did not seek to hold any of the alleged counter-defendants responsible for any liability defendants may have owed to plaintiff). Conversely, Rule 14, Federal Rules of Civil Procedure, governs third-party practice and provides that a third-party defendant is one "who is or may be liable to [a defending party] for all or part of the claim against [the defending party]." Fed.R.Civ.P. 14(a)(1).

. . . .

> The Court next considers whether a counter-defendant is a "defendant" permitted to remove an action to federal court pursuant to section 1441, an issue not yet addressed by the Eleventh Circuit. The Fifth Circuit, however, has addressed the issue, and its analysis in *State of Texas v. Walker,* 142 F.3d 813 (5th Cir.1998), is instructive. *Walker* relied upon the court's holding in *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury,* which permits removal by third-party defendants where the third-party complaint involves separate and independent federal claims. 622 F.2d 133, 136 (5th Cir.1980). *Walker* extended the holding of *Carl Heck* to permit counter-defendants, who were not original plaintiffs, to remove an appropriate action to federal court. *See Walker,* 142 F.3d at 816. The court in *Walker* held that because the counter-defendant was not one of the original state court plaintiffs, removal would not violate the "well-pleaded complaint rule." *See id.* Furthermore, the counter-defendant was not an original plaintiff who voluntarily chose to bring suit in state court and thus should be viewed differently than the counter-defendant who, as an original plaintiff, chose the forum. *See id.*

. . . .

12

>The Court is bound by the holding in *Carl Heck* addressing third-party defendants, and although *Walker* is not binding, the *Walker* court's extension of *Carl Heck* to counter-defendants who are not original plaintiff is persuasive. *See North Star Capital Acquisitions, LLC v. Krig,* 2007 WL 3522425, at  (M.D.Fla.2007). Thus, as a newly joined counter-defendant, Marcoe did not partake in the decision to bring the suit in state court and should not be denied the opportunity to remove a case to federal court under appropriate circumstances. The next issue to consider, then, is whether this is one of those appropriate circumstances.  (Footnotes omitted).

The court will deny the motion to remand except as to the state law claims brought by the original plaintiff Unifund and any state law claims against Unifund.  While there may be a question as to the retention of the federal counterclaims against Unifund, the joinder of those claims with other federal claims against other counterdefendants would appear to give this court at least discretion to retain them.

This the 2nd day of October, 2008.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**